United States District Court
Middle District of Florida
Jacksonville Division

**LARRY A. KIRTSEY, JR.,**

    *Plaintiff,*

v.                                    NO. 3:24-cv-227-MMH-PDB

**TIFFANY REID,**

    *Defendant.*

---

## Report and Recommendation

The undersigned recommends dismissing this action without prejudice for failing to comply with an order entered on March 18, 2024, Doc. 2.

The plaintiff, proceeding without a lawyer, mailed a letter to the clerk titled, "Right to appeal." Doc. 1 (letter); Doc. 1-2 (mailing envelope). At the top of the letter, he typed docket numbers that appear associated with a state court, making unclear whether he intended to file the letter in a state-court case. *See* Doc. 1. He did not pay a filing fee or apply to proceed without prepaying the filing fee.

In the letter, the plaintiff writes he never received "written notices" about a child-support proceeding against him because of an incorrect address. Doc 1 at 1. He writes his signatures and income information on child-support documents were forged and explains the letter is to "challenge the final judgment order" against him because his "legal due process wasn't allowed to" him. Doc. 1 at 1. With the letter, he includes a "Title IV-D Standard Parenting

Time Plan," Doc. 1-1 at 1–2, a photocopy of his driver's license, Doc. 1-1 at 3, and a state-court temporary injunction for protection against stalking issued against him, Doc. 1-1 at 4. He appears to attach these documents as proof that his current home address is different than the provided address. *See* Doc. 1 at 1.

The undersigned ordered the plaintiff to take two actions by April 8, 2024: (1) pay the filing fee or complete the application to proceed without prepaying fees and (2) complete a form complaint. Doc. 2 at 1. The undersigned included with the order the AO 239 form ("Application to Proceed in District Court without Prepaying Fees or Costs"), the AO Pro Se 1 form ("Complaint for a Civil Case"), and the AO Pro Se 15 form ("Complaint for Violation of Civil Rights (Non-Prisoner)"). Docs. 2-1, 2-2, 2-3. The undersigned explained that a federal district court does not have appellate jurisdiction over a state-court judgment and may not issue divorce, alimony, and child custody decrees. Doc. 2 at 1–2. The undersigned directed him to resources for pro se litigants, including the Legal Information Program, and warned him that his action may be dismissed if he fails to timely comply with the order. Doc. 2 at 2. He has filed nothing since sending the letter.

A court may dismiss a case for failure to comply with an order. *Gratton v. Great Am. Commc'ns,* 178 F.3d 1373, 1374 (11th Cir.1999). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Here, dismissal is warranted because the plaintiff failed to comply with the order, Doc. 2.* No clear record of delay or contumacious conduct is present. The undersigned **recommends** dismissing the case without prejudice and directing the clerk to close the file.

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings or recommendations … in a report and recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on April 18, 2024.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:  Larry A. Kirtsey
    1611 East 18th Street
    Jacksonville, Florida 32206

---

*Other reasons for dismissal may exist. In the interest of judicial economy, the undersigned does not address other possible reasons for dismissal.

3